PER CURIAM.
The issue on this appeal is whether the trial judge gave appellant sufficient credit for time served in relation to the sentences for the offenses for which he pled guilty.
It appears from the record before us that appellant served 124 days continuously on the charges for which he was subsequently sentenced from the date he was arrested on August 2, 1986, until being sentenced on December 4, 1986. It further appears that on the two counts he was sentenced on in case number 86-477 below, appellant was given credit for only sixty-two days on each count to run concurrently. Thus, it appears the trial judge divided the 124 days served prior to sentencing and credited one-half to each of those two counts. In crediting jail time served on concurrent sentences, the full time served must be applied to each concurrent sentence. Wallace v. State, 495 So.2d 165 (Fla.1986).
We, therefore, remand to the trial court with instructions to credit appellant with the full 124 days served on each concurrent sentence unless the trial court finds that appellant was not in fact confined for the full 124 days prior to sentencing.
CAMPBELL, A.C.J., and FRANK and PARKER, JJ., concur.